**Mei Ying ZHANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4893.

United States Court of Appeals, Second Circuit.

April 26, 2005.

Jim Li, New York, NY, for Petitioner–Appellant.

Carol L. Shea, Assistant United States Attorney, District of Vermont (David V. Kirby, Acting United States Attorney for the District of Vermont, on the brief), Burlington, VT, for Respondent–Appellee.

Present: OAKES, LEVAL, and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is hereby **DENIED**, and the stay of deportation is **VACATED**.

Mei Ying Zhang ("Zhang"), a native of the People's Republic of China ("China"), petitions this Court, pursuant to 8 U.S.C. § 1105a(a),[1] for review of a November 13, 2002 order of the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed the decision of the Immigration Judge ("IJ") denying Zhang's application for asylum and withholding of removal, but granting voluntary departure. We assume the parties' familiarity with the facts, decision below, and issues on appeal.

Factual findings by the BIA in asylum and withholding of removal cases are reviewed under the substantial evidence standard. *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). The BIA's findings are upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). An asylum applicant bears the burden of establishing that she has experienced past persecution or has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Chen v. INS*, 359 F.3d 121, 126 (2d Cir.2004); 8 U.S.C. § 1101(a)(42). There are both subjective and objective elements to a well-founded fear of persecution, *Melgar de Torres v. Reno*, 191 F.3d 307, 311 (2d Cir.1999); the alien must subjectively fear persecution, and that fear must be reasonable.

The burden is higher for an applicant for withholding of deportation. To avoid being deported to a country, she must establish that her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). If

---

1. This provision was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009. However, IIRIRA preserved jurisdiction under this provision for cases where deportation proceedings were initiated prior to April 1, 1997, and the BIA issued a final order of deportation after October 30, 1996. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 305 n. 1 (2d Cir.2003).

an alien does not meet the threshold requirements for an asylum claim, she cannot be eligible for withholding of deportation.

Zhang, who worked as a physician in China, alleged that she and her family were subjected to various types of discrimination and harassment because of her father's support of the American military during the Chinese civil war and because of her family's religious beliefs. Among other things, she testified that her family was monitored by the police; that she was held to a higher standard than other students were for admission to medical school; and that three potential suitors were dissuaded from marrying her because of her family background. Zhang also believes that her family status adversely affected her employment prospects generally, and that she was given more dangerous assignments because of her background.

The IJ denied Zhang's application, finding that although Zhang's account was credible, the facts as stated did not meet the standard of past persecution, given the absence of actual harm to Zhang and the fact that the Chinese government had allowed Zhang to pursue her desired career and to support her family. Regarding the issue of future persecution, the IJ found that Zhang's fear, while subjectively genuine, was not objectively reasonable. According to the IJ, nothing in her testimony or other proffered evidence at all indicated that anyone in the Chinese government might harm her if she were to return.

Upon review of the record, we are satisfied that the evidence that the IJ relied upon for his findings was "reasonable, substantial, and probative," *Diallo,* 232 F.3d at 287. The IJ conducted several thorough hearings where Zhang had a full opportunity to present her story, and the IJ's decision properly applied the legal standard to the facts presented. We have considered Zhang's remaining arguments on this appeal and find that each of them is without merit.[2]

For the foregoing reasons, the petition for review is DENIED, and the stay of deportation is VACATED.

---

**2.** Zhang also argued that there were various procedural defects in her proceedings before the IJ. However, she did not raise them below, and as such, she has not exhausted her administrative remedies. 8 U.S.C. § 1252(d)(1). *See also Theodoropoulos v. INS,* 358 F.3d 162, 170–71 (2d Cir.2004). Finally, Zhang claimed that the BIA's summary affirmance of the IJ's decision was improper. The IJ's decision met the proper standard allowing the BIA to use the summary procedure enumerated at 8 C.F.R. §§ 1003.1(a)(7), (e)(4) (2004); the summary affirmance was therefore proper.

